[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17, 2006
THOMAS K. KAHN
CLERK

No. 05-14035
Non-Argument Calendar

_____

D. C. Docket No. 04-00057-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUGUSTIN AVILA,
a.k.a. Tingo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 17, 2006)

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Augustin Avila appeals his sentence imposed after pleading guilty to possession with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). Avila asserts his sentence is unreasonable because the district court refused to forego the application of the career offender provision, U.S.S.G. § 4B1.1, by downwardly departing or sentencing him outside of the advisory Guidelines range. He asserts the proper base offense level was 32, based on his guilty plea to 250 pieces of crack cocaine, rather than 34, as the presentence investigation report noted, or 37, as the court found under the career offender provision. Avila further maintains that, post-*United States v. Booker*, 125 S. Ct. 738 (2005), the advisory Guidelines do not require the district court to apply the career offender provision. He asserts application of the career offender provision was unwarranted because the offense level under that provision over-represented his "actual culpability," and, further, his prior offenses were minor, especially considering the armed robbery occurred more than 15 years ago. We conclude Avila's sentence is reasonable, and affirm.

We review final sentences for reasonableness. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2006). "Review for reasonableness is deferential." *Id.* at 788. Following *Booker*, in imposing a sentence, the district court must first accurately calculate the defendant's Guidelines range and second consider the

§ 3553(a) factors to determine a reasonable sentence. *Id.* at 786. In determining whether a sentence is reasonable, the district court should be guided by the factors set forth in 18 U.S.C. § 3553(a). *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). Those factors include, *inter alia*, (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from future crimes of the defendant, and (4) the need to avoid unwarranted sentencing disparities among defendants with similar histories who have committed similar conduct. 18 U.S.C. § 3553(a). However, "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

A district court's decision to classify a defendant as a career offender under U.S.S.G. § 4B1.1 is reviewed de novo. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). *Booker* "did not alter the standard by which we review the district court's interpretation and application of the Sentencing Guidelines . . . ." *Id.*

> A defendant is a career offender if (1) the defendant was at least
> eighteen years old at the time the defendant committed the instant

3

offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). "[I]f the offense level for a career offender from the table in [§ 4B1.1] is greater than the offense level otherwise applicable, the offense level from the table in [§ 4B1.1] shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI." U.S.S.G. § 4B1.1(b). According to the table in § 4B1.1, if the statutory maximum for the offense is life imprisonment, the base offense level is 37. U.S.S.G. § 4B1.1(b).

With regard to the district court's Guidelines range calculation, the court did not err in determining Avila qualified as a career offender, which resulted in a base offense level of 37 and a criminal history category of VI. Avila was convicted of violating 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), a controlled substance offense. *See* U.S.S.G. § 4B1.1(a). The mandatory maximum term of imprisonment under Avila's statute of conviction is life. *See* 21 U.S.C. § 841(b)(1)(A); *see also* U.S.S.G. § 4B1.1(b). Avila had prior felony convictions for armed robbery and aggravated battery with a deadly weapon. In fact, Avila admitted at sentencing those prior convictions satisfied the requirements of the career offender provision. *See* U.S.S.G. § 4B1.1(a). It is undisputed Avila was over 18 years' old at the time

4

he committed the instant offense. *See id.* Thus, the district court correctly calculated Avila's Guidelines range and applied the career offender provision.[1]

With regard to the reasonableness of Avila's sentence in light of the § 3553(a) factors, Avila argues the district court should not have applied the career offender designation because it over-represented his criminal history, as his prior offenses were minor and at least one occurred more than 15 years ago. Here, the court carefully considered Avila's criminal history and found that, "[w]ith that type of a pattern, the [c]ourt really can't find that his career offender designation . . . significantly over represents his actual criminal activity and his actual convictions. He's established a pattern going back almost 20 years." Furthermore, Avila does not contend the district court failed entirely to consider the § 3553(a) factors. We conclude the court's application of the career offender provision did not over-represent Avila's criminal history.[2]

---

[1] Nonetheless, Avila asserts the district court should not have applied the career offender provision, but, instead, should have applied a base offense level of 32, as opposed to 34, because he pled guilty to 250 pieces of crack cocaine. Because, as explained above, the district court did not err in applying the career offender provision, Avila's argument concerning an applicable base offense level of 32 rather than 34 is moot. Moreover, to the extent Avila contends the district court erred in failing to grant his request for a downward departure on the grounds his career offender designation over-represented his criminal history, this Court is without jurisdiction to review that finding because the district court understood its authority to make such a decision. *See Winingear*, 422 F.3d at 1245-46.

[2] Avila also contends his sentence is unreasonable because the Guidelines support a 100 to 1 ratio between sentences for convictions involving crack cocaine and those involving powder cocaine, which resulted in a disparity in Avila's sentence. However, the 100 to 1 ratio does not render a sentence unreasonable. The 100 to 1 ratio is mandated by Congress, contemplated by the

The district court correctly calculated Avila's applicable Guidelines range, and we agree with the district court that Avila's 262-month sentence (at the bottom of the applicable Guidelines range and below the statutory maximum of life) "is sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in the statute, considering all the facts and circumstances of the case, including the advisory guidelines." We conclude Avila's sentence is reasonable.

**AFFIRMED.**

---

Guidelines, and this Court has found it appropriate. *See United States v. Byse*, 28 F.3d 1165, 1171 n.9 (11th Cir. 1994); *see also* 21 U.S.C. § 841(b)(1)(A)(ii), (iii); U.S.S.G. § 2D1.1(c) (establishing different penalties for offenses involving cocaine powder and cocaine base).